FAEGRE DRINKER BIDDLE & REATH LLP
Lawrence J. Del Rossi
Antonio M. Pozos (*pro hac vice* admission pending)
600 Campus Drive
Florham Park, NJ 07932-1047
(973) 549-7000 (phone)
*Attorney for Defendants*
*SCCY Industries, LLC and Joe Roebuck*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER D. ADAMS,<br><br>      Plaintiff,<br><br>v.<br><br>SCCY INDUSTRIES, LLC, d/b/a SCCY FIREARMS, JOE ROEBUCK, ABC COMPANIES (1-10) (fictitious names of unknown entities), and JOHN DOES (1-10) (fictitious names of unknown persons),<br><br>      Defendants. | CIVIL ACTION NO.<br><br>Hon.<br><br>**NOTICE OF REMOVAL**<br><br>(Document Electronically Filed) |

**TO**: Chief Judge, Judges, and Clerk of the United States District Court for the District of New Jersey;

**ON NOTICE TO**:

Plaintiff Christopher D. Adams, by and through his attorneys of record:

Robert W. Smith
Christopher J. Eibler
SMITH EIBLER, LLC
101 Crawfords Corner Road, Suite 1-105R
Holmdel, New Jersey 07733

- and-

Clerk, Superior Court of New Jersey,
Law Division, Monmouth County
71 Monument Street
Freehold, NJ 07728

**PLEASE TAKE NOTICE** that Defendants SCCY Industries, LLC ("SCCY") and Joe Roebuck ("Roebuck") (collectively referred to as "Defendants") hereby remove this civil action from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. MON-L-000389-20, (the "State Court Action") to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441 and § 1446, as amended, and in accordance with 28 U.S.C. § 1332. In support of removal, Defendants state as follows:

## I. PLEADINGS AND PROCESS

1. Upon information and belief, this action was commenced on or about February 3, 2020, in the Superior Court of New Jersey Law Division, Monmouth County. A Summons and Complaint was served upon SCCY on or about February 20, 2020 and upon Roebuck on or about February 24, 2020. Attached hereto as **Exhibit A** is a copy of Plaintiff's Summons and Complaint (redacted)[1] and Civil Case Information Statement issued in the State Court Action, which constitutes all of the process, pleadings and orders served upon Defendants in this action to date.

2. The Complaint alleges that Defendants unlawfully retaliated against Plaintiff in violation of the New Jersey Conscientious Employee Protection Act ("CEPA") and the Florida Private Whistleblower Protection Act ("PWPA"), and asserts a claim for promissory estoppel.

3. The State Court Action is removable to this Court, and this Court has jurisdiction over this civil action, under 28 U.S.C. §§ 1332 and 1441(b) based on diversity of citizenship. The matter in controversy exceeds $75,000, exclusive of interest and costs.

---

[1] Simultaneous with this Notice of Removal, Defendants have filed, pursuant to Local Civil Rule 5.3, a Motion to Seal or Otherwise Restrict Public Access to the Plaintiff's Complaint, and a Motion to Strike allegations in the Complaint pursuant to Rule 12(f) based on Plaintiff's unauthorized and improper disclosure of attorney-client communications.

4.      Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the State Court Action is pending.[2]

## II.    CITIZENSHIP OF THE PARTIES

5.      Upon information and belief, and based upon the allegations set forth in his Complaint, Plaintiff is, and was at the time the Complaint was filed, a resident of Colts Neck, New Jersey, and thus, a citizen of the State of New Jersey. See introductory paragraph of Complaint, **Exhibit A**.

6.      SCCY is, and was at the time the Complaint was filed, a Florida limited liability company with its principal place of business located at 1800 Concept Court, Daytona Beach, Florida 32114.  See Paragraph 1 of Complaint, **Exhibit A** and Declaration of Joe Roebuck (attached hereto as **Exhibit B**).  Mr. Roebuck is the Chief Executive Office and sole member of SCCY.  Roebuck is, and was at the time the Complaint was filed, domiciled in and a citizen of the State of Florida.  See Declaration of Joe Roebuck, **Exhibit B**.  "When the defendant, as here, is a Limited Liability Corporation ("LLC"), 'the citizenship [] is determined by the citizenship of [each of] its members.'" *Okechuku v. Sharp Management*, 522 B.R. 762, 765 (D.N.J. 2014) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)).  Accordingly, Defendants SCCY and Roebuck are both citizens of Florida.

7.      The Complaint also names a number of fictitious parties, but "[f]or the purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

---

[2] While filing this Notice of Removal, Defendants do not waive and specifically preserve any and all other defenses applicable to the claims of Plaintiff.

### III. THIS COURT HAS JURISDICTION OVER THIS ACTION

8. Defendant SCCY offers designs, manufactures, and sells firearms and related products. Complaint ¶ 2. Defendant Roebuck is the sole owner and Chief Executive Officer of SCCY. Complaint ¶ 3. The gravamen of Plaintiff's Complaint is that Defendants wrongfully terminated Plaintiff in violation of CEPA and PWPA. *See generally* Complaint ¶¶ 240-263.

9. "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (citing *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89, 126 S. Ct. 606, 163 L.Ed.2d 415 (2005) (alteration in original)) (quoting 28 U.S.C. § 1332).

#### A. Diversity Exists.

10. 28 U.S.C. § 1332(a)(1) requires that, for district courts to have original jurisdiction, the civil action must be between citizens of different states. The diversity requirement is satisfied here because, as pled above, Plaintiff is a citizen of New Jersey and Defendants SCCY and Roebuck are both citizens of Florida. 28 U.S.C. § 1332(a)(1).

#### B. The Amount-in-Controversy Requirement is Satisfied.

11. The final requirement for diversity jurisdiction is that that the aggregate amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

12. District courts decide the amount in controversy by looking to the four corners of the complaint. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993). Where a complaint is "open-ended," as here, and does not allege a specified amount of damages requested, the district court should perform its "own independent appraisal of the value of the claim." *Id.* at 145-46.

The Court should conduct "[a] reasonable reading of the value of the rights being litigated" and avoid focusing on "the low end of an open-ended claim." *Id*. at 146 (citations omitted). In calculating the amount in controversy, a court must also consider attorney's fees and punitive damages sought. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007). *See also Kendall v. CubeSmart L.P.*, 2015 WL 7306679, at *5 (D.N.J. Nov. 19, 2015) ("An award of attorneys' fees must be included as part of the amount in controversy determination where such an award is provided for by statute."). Furthermore, "'a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Kendall v. CubeSmart L.P.*, 2015 WL 7306679, at *2 (D.N.J. Nov. 19, 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)).

13. From the face of the Complaint filed in the State Court Action, it is apparent that the amount in controversy in this action exceeds $75,000, exclusive of costs and interest. According to the Complaint, Plaintiff earned a salary of $260,000, which gradually increased over time to $9,000 per week, which is equal to a base salary of $468,000 per year, along with a monthly car allowance of $1,300. Exhibit A, ¶¶ 41-43, 64, 158,159. Plaintiff also claims that he is entitled to 10% ownership in SCCY. Exhibit A, ¶ 83. Plaintiff seeks damages for, among other things, back pay and benefits, front pay and benefits, compensatory damages, consequential damages, punitive damages, equitable relief, pre-judgment interest and enhancements, and attorneys' fees, expenses, and/or costs.[3] Exhibit A, ¶¶ 246, 256, 263.

14. Plaintiff's damages claims clearly satisfy the amount in controversy requirement. Although Defendants disagree that Plaintiff is entitled to any relief, let alone compensatory

---

[3] Defendants deny Plaintiff's allegations of retaliation or any other wrongdoing. Defendants refer to the amount of damages Plaintiff seeks solely for purposes of demonstrating that the amount in controversy for diversity jurisdiction has been satisfied.

damages, punitive damages or attorneys' fees, an award of such relief takes the amount in controversy well over the jurisdictional amount for diversity jurisdiction. Compensatory and punitive damages are properly considered for purposes of determining whether the amount in controversy requirement has been satisfied. *Bell v. Preferred Life Assurance Society*, 320 U.S. 238 (1943) (punitive); *Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004); *Angus v. Shiley*, 989 F.2d 142 (3d Cir. 1993) (compensatory and punitive). While compensatory damages are notoriously difficult to predict, under New Jersey law, punitive damages can total up to five times the amount of compensatory damages. *See N.J.S.A.* 2A:15-5.14(b). Attorneys' fees are also part of the amount in controversy if such fees are available to a successful plaintiff under a statutory cause of action, like here, under CEPA and PWPA. *N.J.S.A.* § 34:19-5(e); *Fla. Stat.* 448.104. *Suber v. Chrysler Corp.*, 104 F.3d 578 (3d Cir. 1997). Additionally, attorneys' fees can be estimated to account for as much as thirty percent of the judgment. *See In re Rite Aid Corp. Securities Lit.*, 396 F.3d 294, 303 (3d Cir. 2005). Therefore, removal is proper here because, based upon a fair reading of the Complaint, it does not appear to a legal certainty that Plaintiff cannot recover in excess of the jurisdictional amount of $75,000. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

15. For all the foregoing reasons, the $75,000 amount-in-controversy requirement is satisfied here.

16. Accordingly, because complete diversity exists and the relief sought in Plaintiff's Complaint satisfies the amount of controversy in excess of $75,000, this case may be removed pursuant to 28 U.S.C. 1441(a) and 1441(b).

## V. TIMELINESS OF REMOVAL

17. Defendants SCCY and Roebuck were served with the Summons and Complaint on February 20, 2020 and February 24, 2020, respectively, and this Notice of Removal is timely filed with this Court within thirty (30) days of service.

18. Defendants have sought no similar relief with respect to this matter.

## VI. ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

19. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

20. A Notice of Filing of Notice of Removal, with a copy of the Notice of Removal attached, is being filed simultaneously in the Superior Court of New Jersey, Law Division, Monmouth County in accordance with 28 U.S.C. § 1446(d). See **Exhibit C**.

21. Counsel for Plaintiff will be served with a copy of this Notice of Removal.

22. For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a).

23. By filing this Notice of Removal, Defendants expressly preserve and do not waive any defenses, objections or motions that may be available to them under state or federal law. Moreover, by demonstrating that the amount in controversy requirement is satisfied, Defendants do not concede that the jurisdictional amount is recoverable. Rather, Defendants deny that any amount is recoverable by Plaintiff.

24. In the event that any questions should arise with regard to the propriety of the removal of this action, Defendants respectfully request the opportunity to present evidence in support of their position that removal is proper.

**WHEREFORE**, Defendants pray this Court will remove this action from the Superior Court of New Jersey, Law Division, Monmouth County, and request that further proceedings be conducted in the United States District Court for the District of New Jersey as provided by law.

Respectfully submitted,

/s/ Lawrence J. Del Rossi
**FAEGRE DRINKER BIDDLE & REATH LLP**
Lawrence J. Del Rossi
600 Campus Drive
Florham Park, NJ 07932-1047
*Attorney for Defendants*
*SCCY Industries, LLC and Joe Roebuck*

March 23, 2020

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that, to the best of my knowledge, the matter in controversy in the above-captioned action is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding.

March 23, 2020

/s/ Lawrence J. Del Rossi
Lawrence J. Del Rossi