# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER D. ADAMS,<br><br>Plaintiff(s),<br><br>-v-<br><br>SCCY INDUSTRIES, LLC, d/b/a SCCY FIREARMS, JOE ROEBUCK, ABC COMPANIES (1-10) (fictitious names of unknown entities), and JOHN DOES (1-10) (fictitious names of unknown persons),<br><br>Defendant(s). | Civil Action No.:<br><br>Honorable: |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEAL THE COMPLAINT PURSUANT TO LOCAL CIVIL RULE 5.3(C)

FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ  07932
(973) 549-7000
*Attorneys for Defendants*
*SCCY Industries, LLC and Joe Roebuck*

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 1

ARGUMENT ................................................................................................................. 3

    I.    This Court Should Protect SCCY's Privilege and Confidentiality Interests ......... 3

    II.    Adams Is Required To Protect Client Confidences During Litigation .................. 4

    III.    Adams Has Not Yet Identified, Much Less Obtained an Order Recognizing, Any Exception to His Obligation to Protect the Confidences of His Former Client, SCCY ................................................................................ 6

    IV.    The Relief that SCCY Seeks is Appropriate, And No More than Necessary to Protect SCCY's Interests ..................................................................................... 8

CONCLUSION .............................................................................................................. 9


# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Cendant Corp.*,
  260 F.3d 183 (3d Cir. 2001)..................................................................................8

*General Dynamics Corp. v. Superior Court*,
  7 Cal. 4th 1164 (Cal. 1994)................................................................................5, 6

*Greig v. Macy's Northeast, Inc.*,
  1 F. Supp. 2d 397 (D.N.J. 1998) .......................................................................6, 7

*GTE Products Corp. v. Stewart*,
  421 Mass. 22 (Mass. 1995)...................................................................................5

*Haines v. Liggett Group Inc.*,
  975 F.2d 81 (3d Cir. 1992)...................................................................................7

*Jablow v. Wagner*,
  2015 WL 1541011 (App. Div. April 8, 2015) .....................................................6

*Jewitt v. IDT Corporation*,
  2004 WL 7321367 (D.N.J. Aug. 9, 2004) ...........................................................8

*Kachmar v. SunGard Data Systems, Inc.*,
  109 F.3d 173 (3rd Cir. 1997) ...............................................................................6

*Miller v. Indiana Hosp.*,
  16 F.3d 549 (3d Cir. 1994)...................................................................................8

*Newborn Bros. Co, Inc. v. Albion Engineering Co.*,
  299 F.R.D. 90 (D.N.J. 2014) ................................................................................9

*Olds v. Donnelly*,
  150 N.J. 424 (1997) ..............................................................................................6

*Pansy v. Borough of Stroudsburg*,
  23 F.3d 772 (3d Cir. 1994)...................................................................................8

*Parker v. M & T Chemicals, Inc.*,
  236 N.J.Super. 451 (App. Div. 1989) ..................................................................4

*Prudential Ins. Co. v. Massaro*,
  47 Fed. Appx. 618 (3rd Cir. 2002).......................................................................7

*River Road Devel. Corp. v. Carlson Corp.*,
    1990 WL 69085 (E.D. Pa. May 23, 1990) ............................................................................ 9

*Siedle v. Putnam Invs.*,
    147 F.3d 7 (1st Cir. 1998) .................................................................................................... 8

*Stengert v. Loving Care Agency, Inc.*,
    201 N.J. 300 (2010) ............................................................................................................. 6

*Sugg v. Virtusa Corp.*,
    2019 WL 1924855 (D.N.J. April 30, 2019) ......................................................................... 9

*Tonka Corp. v. Rose Art Industries, Inc.*,
    836 F. Supp. 200 (D.N.J. 1993) ........................................................................................... 9

*Upjohn Co. v. United States*,
    449 U.S. 383 (1981) ......................................................................................................... 3, 4

**STATUTES, RULES & REGULATIONS**

Civ. R. 5.3(c) ............................................................................................................................... 1

Civ. R. 5.3(c)(3)(b) ..................................................................................................................... 3

Civ. R. 5.3(c)(3)(c)&(d) .............................................................................................................. 3

Fed. R. Civ. P. 12(f) ............................................................................................................ 1, 3, 9

Local Civil Rule 5.3(c)(3) ........................................................................................................... 8

New Jersey Conscientious Employee Protection Act ................................................................. 1

**OTHER AUTHORITIES**

ABA Formal Opinion 01-424, A Former In-House Lawyer May Pursue a
    Wrongful Discharge Claim Against Her Former Employer and Client As Long
    As Client Information Properly Is Protected (September 22, 2001) .................................... 4

Model Rule of Professional Conduct 1.6, cmt. 19 (2001) .......................................................... 4

Model Rule of Professional Conduct 8.4(a) ............................................................................... 7

Philadelphia Bar Association Opinion 99-6 (August 1999) ....................................................... 4

Restatement (Third) of the Law Governing Lawyers, § 117 ...................................................... 4

Restatement (Third) of the Law Governing Lawyers, § 65 & cmt. d ......................................... 4

**PRELIMINARY STATEMENT**

The removed Complaint in this matter includes numerous scandalous and indiscriminate disclosures of privileged information by Plaintiff Christopher Adams, defendants' former outside counsel and general counsel, in complete disregard for Adams' obligations to preserve the confidences of his former client. Accordingly, Defendants SCCY Industries, LLC and its President, Joe Roebuck (collectively, "SCCY"), hereby move for an Order pursuant to L. Civ. R. 5.3(c), sealing the removed Complaint. SCCY also moves pursuant to Fed. R. Civ. P. 12(f) for an Order directing Plaintiff to file a redacted amended Complaint in a form approved by the Court striking privileged information from the text of the original Complaint and conforming to the proposed redactions reflected in Exhibit E of the Declaration of Lawrence J. Del Rossi and to take all steps necessary to have the Superior Court, Law Division, seal the Complaint filed with that court prior to removal. SCCY also requests that further proceedings in this matter proceed under seal under appropriate terms to protect the privilege, and that Plaintiff and his counsel be required to seek prior approval of this Court before making any public disclosure of privileged information.

**STATEMENT OF FACTS**

Plaintiff Adams is an attorney-at-law of the State of New Jersey. Adams, first as outside counsel and ultimately as SCCY's President and General Counsel, advised SCCY on legal issues involving litigation and regulatory inquiries, among other responsibilities, prior to his termination on February 18, 2019.

On February 3, 2020, Adams filed his Complaint in the Superior Court of New Jersey, Law Division, Monmouth County, challenging his termination on grounds of promissory estoppel and also under the New Jersey Conscientious Employee Protection Act and its Florida analog, alleging

he was terminated in retaliation for advice he provided to SCCY on compliance issues. SCCY denies Adams' allegations, and will vigorously defend itself in this matter.

The Complaint is replete with privileged attorney-client communications, advice on sensitive issues, and other information that Adams learned during his representation of SCCY. The information relates both to events during his tenure at SCCY and prior events SCCY disclosed to him in confidence for the purpose of seeking legal advice.

SCCY has not waived the privilege, and, indeed, instructed Adams to honor his professional obligations to SCCY before Adams filed the Complaint. Specifically, on or about January 22, 2020, Adams, through counsel, provided SCCY with a copy of the Complaint and demanded that SCCY enter into settlement negotiations by January 29, 2020. Lawrence J. Del Rossi Declaration (hereinafter "Del Rossi Decl."), Ex. A. On January 27, 2020, SCCY, through its Florida counsel, responded to Adams' threat to disclose privileged information in a public filing by directing him to honor his ethical obligation to preserve SCCY's confidences. Del Rossi Decl., Ex. B. While acknowledging that there were narrow exceptions permitting a lawyer to sue his client, SCCY stressed that it was possible for Mr. Adams to set forth these claims without violating the attorney-client privilege and that he and his counsel were obligated to do so, leaving to later judicial determination if, when, and how disclosure of privileged information was necessary.

Adams responded on January 28, 2020, demanding that SCCY identify every portion of the 263 paragraph Complaint containing privileged information by the following day. Del. Rossi Decl., Ex. C. In disregard for his professional obligations, Adams' counsel contended: "If we do not receive this information prior to this deadline, we will view your client's failure to identify all allegations in which they claim privilege as a waiver and proceed accordingly." *Id.* SCCY, however, rejected Adams' ultimatum, advised him that it was not waiving the privilege, and

directed him to remove "any reference to anything he learned in an attorney capacity and to any privileged work product." Del Rossi Decl., Ex. D. Undeterred, however, Adams filed the Complaint without revision or redaction in violation of his ethical and professional obligations to preserve SCCY's confidences.

## ARGUMENT

Adams' inclusion of manifestly privileged and confidential information in the removed Complaint is "scandalous" within the meaning of Fed. R. Civ. P. 12(f), and protection of SCCY's privilege interests is precisely the type of "legitimate private or public interest which warrant[s]" sealing the privileged portions of the Complaint. *See* L. Civ. R. 5.3(c)(3)(b). In the absence of relief, SCCY will be irreparably prejudiced by the continued public disclosure of its confidential information, and less restrictive alternatives to protecting the confidentiality that Adams has improperly disclosed are not available. See L. Civ. R. 5.3(c)(3)(c)&(d). To remedy this improper disclosure, SCCY respectfully requests that this Court seal the removed Complaint, direct Plaintiff to file a redacted amended Complaint, in a form approved by the Court, striking all privileged and confidential material from the public filing, and direct plaintiff to take all steps necessary to have the Superior Court, Law Division, seal the Complaint filed with that court prior to removal. To prevent further improper disclosure, SCCY also requests that further proceedings in this matter proceed under seal under appropriate terms to protect the privilege, and that Plaintiff and his counsel be required to seek prior approval of this Court before making any public disclosure of privileged information.

I.     **This Court Should Protect SCCY's Privilege and Confidentiality Interests**

As the Supreme Court recognized in *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981), the attorney-client privilege is the oldest privilege known to the common law, and benefits

not only the client, but society as a whole because "'observance of the ethical obligation of a lawyer to hold inviolate the confidences and secrets of his client not only facilitates the full development of facts essential to proper representation of the client, but also encourages laymen to seek early legal assistance.'" *Id.* at 391 (quoting ABA Code of Professional Responsibility, Ethical Consideration 4-1). Therefore, even when advancing a claim against a client, a lawyer "must make every effort practicable to avoid unnecessary disclosure of information relating to a representation, to limit disclosure to those having the need to know it, and to obtain protective orders or make other arrangements limiting the risk of disclosure." ABA Formal Opinion 01-424: A Former In-House Lawyer May Pursue a Wrongful Discharge Claim Against Her Former Employer and Client As Long As Client Information Properly Is Protected (September 22, 2001) (citing Model Rule of Professional Conduct 1.6, cmt. 19 (2001)); Philadelphia Bar Association Opinion 99-6 (August 1999) ("The lawyer should make use of any procedural mechanism available to protect the information from any use other than the most narrow use possible in advancing the claim.").

## II. Adams Is Required To Protect Client Confidences During Litigation

Adams' professional obligations to SCCY require him to protect the confidences of his former client, SCCY, in this litigation, which SCCY unequivocally instructed him to do in its January 27, 2020 correspondence with Adams. Del Rossi Decl., Ex. B. Cases involving a lawyer suing a former client have done so on the condition that any use of privileged materials to do so, if permitted, must be "'proportionate and restrained.'" *Parker v. M & T Chemicals, Inc.,* 236 N.J.Super. 451, 463 n.2 (App. Div. 1989) (quoting Restatement (Third) of the Law Governing Lawyers, § 117 at cmt. d (1989)); Restatement (Third) of the Law Governing Lawyers, §65 & cmt. d (2000). In particular, "the circumstances in which in-house counsel may pursue a claim for wrongful discharge will, of necessity, be limited by the broad obligation to guard client

confidences[,]" *GTE Products Corp. v. Stewart,* 421 Mass. 22, 32 (Mass. 1995), permitting the court the opportunity to ameliorate the impact of disclosure through use of protective orders and other protective devices.

As the Supreme Court of California recognized in *General Dynamics Corp. v. Superior Court,* 7 Cal. 4th 1164 (Cal. 1994), "[m]embers of corporate legal departments are as fully subject to the demands of the privilege as their outside colleagues[,]" *id*. at 1190, and "it is never the business of the lawyer to disclose publicly the secrets of the client." *Id.* Courts that have permitted in-house counsel suits to proceed have done so only under conditions designed to ensure maximum protection of the privilege.  The rule is that "where the elements of a wrongful discharge in violation of fundamental public policy claim cannot, for reasons peculiar to the particular case, be fully established without breaching the attorney-client privilege [or first establishing a recognized exception], the suit must be dismissed in the interest of preserving the privilege." *Id.* at 1190.  To avoid the necessity of dismissal:

> the trial courts can and should apply an array of ad hoc measures from their equitable arsenal designed to permit the attorney plaintiff to attempt to make the necessary proof while protecting from disclosure client confidences subject to the privilege. The use of sealing and protective orders, limited admissibility of evidence, orders restricting the use of testimony in successive proceedings, and, where appropriate, in camera proceedings, are but some of a number of measures that might usefully be explored by the trial courts as circumstances warrant. We are confident that by taking an aggressive managerial role, judges can minimize the dangers to the legitimate privilege interests the trial of such cases may present.

*Id.* at 1191.  The Third Circuit, citing *General Dynamics*, has noted that "[i]n balancing the needed protection of sensitive information with the in-house counsel's right to maintain the suit, the district court may use a number of equitable measures at its disposal 'designed to permit the attorney plaintiff to attempt to make the necessary proof while protecting from disclosure client

confidences subject to the privilege.'" *Kachmar v. SunGard Data Systems, Inc.*, 109 F.3d 173, 182 (3rd Cir. 1997) (citing *General Dynamics*, 7 Cal. 4th at 1190).

For courts to be able to utilize the tools necessary to permit such claims to go forward, they must be given an opportunity to do so *prior* to disclosure of the privileged information. Adams deprived the court of this opportunity. Even in the far less sensitive circumstance of use of an *opponent's* privileged information, New Jersey courts have required lawyers to seek judicial approval prior to use, *see Stengert v. Loving Care Agency, Inc.,* 201 N.J. 300, 325–26 (2010), and have gone as far as to disqualify counsel who failed to so do. *See Jablow v. Wagner,* 2015 WL 1541011, at *7 (App. Div. April 8, 2015). A similar recognition of the need to give courts the opportunity to preserve confidences is that even when a client has waived the privilege by suing their lawyer, courts have taken steps to limit disclosure to the malpractice action in order to avoid prejudice to the client in other proceedings. *See, e.g., Olds v. Donnelly*, 150 N.J. 424, 441–42 (1997) (not requiring legal malpractice actions to be litigated in underlying matter to preserve client's confidences); *Greig v. Macy's Northeast, Inc.,* 1 F. Supp. 2d 397, 401–02 (D.N.J. 1998) (disqualifying firm representing lawyer sued for legal malpractice from representing lawyer's former client's adversary in the action giving rise to the malpractice claim, as this would result in confidences lawyer shared to defend malpractice action being used against his former client).

### III. Adams Has Not Yet Identified, Much Less Obtained an Order Recognizing, Any Exception to His Obligation to Protect the Confidences of His Former Client, SCCY

Even if Adams *alleges* some exception to the mandate to preserve confidences *might*, *if established*, permit *some* disclosure, he does not have the unilateral right to disclose unless and until there is a judicial determination of whether disclosure is permitted, and under what terms. Until then, as reflected in SCCY's January 27, 2020 direction to Adams, he is required to protect the privilege.

The Third Circuit has made clear that use of privileged information under an alleged exception "requires a three-step *judicial* process: (1) presentation of the factual basis for a good faith belief that the exception would apply; (2) in-camera evaluation of the material by the court; and (3) affording the party opposed to disclosure 'an absolute right to be heard by testimony and argument'" prior to disclosure. *Prudential Ins. Co. v. Massaro*, 47 Fed. Appx. 618, 619 (3rd Cir. 2002) (quoting *Haines v. Liggett Group Inc.*, 975 F.2d 81, 96–97 (3d Cir. 1992)) (emphasis added). Adams and his counsel made no effort to satisfy any of these requirements. Despite there being no need to do so to set forth a claim, and in defiance of an express direction by a former client to preserve the privilege, Adams and his counsel went out of their way to disclose obviously confidential information in salacious detail.

In *Massaro,* the District Court, noting that "Massaro had no right unilaterally to invoke the crime-fraud exception," dismissed the resulting lawsuit, declaring that "[a]bsent a judicial finding [authorizing disclosure, Massaro's] confiding in attorneys adverse to Prudential, giving sworn statements to authorities, investigating the company [and] filing an affidavit in open court all were in flagrant violation of Massaro's duty as an attorney." *Massaro*, 47 Fed. Appx. at 619 (alterations in original). *Massaro* had been brought by third persons to whom Mr. Massaro had disclosed confidential information. *Id.* at 618. Therefore, dismissal of the action and disqualification of plaintiff's counsel from pursuing similar actions was the only effective remedy of preventing use of the information by persons who had no right to know it. *Id.* Here, while Adams breached his ethical obligations by revealing confidences, and his counsel knowingly facilitated that breach in violation of RPC 8.4,[1] dismissal and disqualification is not, as was the case in *Greig* and *Massaro*,

---

[1] Model Rule of Professional Conduct 8.4(a) states: "It is professional misconduct for a lawyer to: (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another."

absolutely necessary to remedy Adams' wrongful disclosure provided the relief sought in this motion is granted.

### IV. The Relief that SCCY Seeks is Appropriate, And No More than Necessary to Protect SCCY's Interests

The remedies of sealing the removed Complaint, directing Adams to file a redacted amended Complaint striking privileged contents, and directing him and his counsel to take all steps necessary to seal the Complaint filed in state court are manifestly appropriate and the minimum action necessary to remedy prior improper disclosure.  Though there is a general public right of access to judicial records and proceedings, this general right can be overridden where a party demonstrates good cause to seal by establishing that the material it seeks to seal "'is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'"  *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (quoting *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).  Under Local Civil Rule 5.3(c)(3), to be entitled to sealing, a movant must show the legitimate private or public interest which warrant the relief sought, the clearly defined and serious injury that would result if the relief sought is not granted and why a less restrictive alternative to the relief sought is not available.  Here, defendants' interest in preserving the privilege is well-established.  Courts within this district have concluded that attorney-client privileged information is precisely the type of material that should "'overrid[e] the general preference for public access to judicial records.'"  *Jewitt v. IDT Corporation*, 2004 WL 7321367, at *3 (D.N.J. Aug. 9, 2004) (quoting *Siedle v. Putnam Invs.*, 147 F.3d 7, 11 (1st Cir. 1998)).  The resulting injury of disclosure of privileged information is manifest and the requested relief is the only option short of dismissal of the lawsuit that has the potential to remedy the resulting prejudice.

In any amended Complaint accessible to the public, all references to privileged information should be redacted. Fed. R. Civ. P. 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Accord Newborn Bros. Co, Inc. v. Albion Engineering Co.*, 299 F.R.D. 90, 94 (D.N.J. 2014) (noting motions to strike redundant, immaterial, impertinent, or scandalous matter will generally be granted where "the presence of surplusage will prejudice the adverse party") (internal quotations omitted). District courts possess considerable discretion in disposing of a motion to strike under Rule 12(f). *Tonka Corp. v. Rose Art Industries, Inc.*, 836 F. Supp. 200, 217 (D.N.J. 1993) (quoting *River Road Devel. Corp. v. Carlson Corp.*, 1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)). *Accord Sugg v. Virtusa Corp.*, 2019 WL 1924855, at *2 (D.N.J. April 30, 2019). Here, any recitation of privileged information or advice in the Complaint is unnecessary, as these matters are irrelevant to the promissory estoppel claim and the CEPA claims can be alleged through notice pleading of Adams' claim that he was terminated in retaliation for advice he provided SCCY on compliance issues. At this time, there is no reason for the public record to contain anything more.

## **CONCLUSION**

For the reasons set forth above, defendants respectfully request that the Court enter an order 1) sealing the original Complaint; 2) directing Plaintiff to file a redacted amended Complaint in a form approved by the Court striking privileged information from the text of the original Complaint and conforming to the proposed redactions reflected in Exhibit E of the Declaration of Lawrence J. Del Rossi; 3) directing plaintiff to take any and all steps necessary to have the clerk of the New Jersey Superior Court, Law Division, seal the original Complaint; and 4) providing that further proceedings in this matter shall proceed under seal under appropriate terms to protect the privilege,

and that Plaintiff and his counsel should be required to seek prior approval of this Court before making any public disclosure of privileged information.

|  |  |
|---|---|
|  | By: */s/Lawrence J. Del Rossi* |
|  | Lawrence Del Rossi |
|  | Antonio M. Pozos (*pro hac vice* admission pending) |
|  | FAEGRE DRINKER BIDDLE & REATH LLP |
|  | 600 Campus Drive |
|  | Florham Park, NJ  07932 |
|  | (973) 549-7000 |
| Date:   March 23, 2020 |  |