FAEGRE DRINKER BIDDLE & REATH LLP
Lawrence J. Del Rossi
Antonio M. Pozos (*pro hac vice* admission pending)
600 Campus Drive
Florham Park, NJ 07932-1047
(973) 549-7000 (phone)
*Attorneys for Defendants*
*SCCY Industries, LLC and Joe Roebuck*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER D. ADAMS, | Civil Action No.: |
| Plaintiff(s), | |
| -v- | |
| SCCY INDUSTRIES, LLC, d/b/a SCCY FIREARMS, JOE ROEBUCK, ABC COMPANIES (1-10) (fictitious names of unknown entities), and JOHN DOES (1-10) (fictitious names of unknown persons), | [PROPOSED] ORDER |
| Defendant(s). | |

The Court, having considered Defendants SCCY Industries, LLC and Joe Roebuck's (collectively, the "Defendants") Motion to Seal Complaint Pursuant to L. Civ. R. 5.3(c), and to Strike Portions of Complaint Pursuant to Fed. R. Civ. P. 12(f) (the "Motion"), and for good cause shown, hereby makes the following findings of fact and conclusions of law pursuant to L. Civ. R. 5.3(c)(2) and L. Civ. R. 5.3(c)(5):

### [Proposed] Findings of Fact

1. This case involves an employment dispute. On or about February 3, 2020, Christopher D. Adams ("Plaintiff" or "Adams"), by and through his counsel, commenced suit in the matter of *Adams v. SCCY Industries, LLC,* et al., in the Superior Court of Monmouth County,

Docket No. MON-L-000389-20.  Defendants SCCY and Roebuck were served with the Summons and the original Complaint in the matter on February 20, 2020 and February 24, 2020, respectively. Defendants then timely removed the matter to this Court on the basis of diversity jurisdiction, with the original Complaint filed under temporary seal.

2. The matter concerns causes of action by Plaintiff against Defendants for alleged violations of the New Jersey Conscientious Employee Protection Act ("CEPA") (Count One); promissory estoppel (Count Two) and of the Florida Private Whistleblower Protection Act ("PWPA") (Count Three).

3. Defendants seek to seal the original Complaint because it includes attorney-client privileged information, and to strike the confidential attorney-client information from any publically filed pleading.

4. Having reviewed the original Complaint filed under temporary seal, the Court finds that Defendants would be seriously injured if the attorney-client information in the original Complaint were made public.  Specifically, such disclosure would cause clearly defined, serious, and unnecessary harm to Defendants because it would reveal the nature of confidential and sensitive privileged conversations with counsel.

5. In light of the confidential and privileged nature of the information referenced in the original Complaint and the potential injury that would result from disclosure, the Court determines that any public interest in the confidential information is outweighed by the interests of Defendants in maintaining confidentiality.

6. There is no less restrictive alternative to protect the privileged information disclosed in the original Complaint.

7. The inclusion of privileged information in the original Complaint is unnecessary, as these allegations are irrelevant to Plaintiff's promissory estoppel claim and the whistleblower retaliation claims can be alleged through notice pleading of Mr. Adams' claim that he was terminated in retaliation for advice he provided SCCY on compliance issues.

### [Proposed] Conclusions of Law

1. Defendants have demonstrated that good cause exists to grant the Motion.

2. Defendants have complied with the requirements of L. Civ. R. 5.3(c).

3. In light of the above findings of fact and conclusions of law, and for the reasons set forth herein this Court GRANTS the Motion.

It is on this ___ day of _____, 2020, **ORDERED** that:

1. The Motion is **GRANTED**.

2. The Clerk of the Court is hereby directed to place the original Complaint under permanent seal and to restrict public access thereto.

3. Plaintiff shall file a redacted amended Complaint in the form approved by this Order striking privileged information from the text of the original Complaint and conforming to the proposed redactions reflected in Exhibit E of the Declaration of Lawrence J. Del Rossi.

4. Plaintiff shall take any and all steps necessary to have the clerk of the New Jersey Superior Court, Law Division seal the Complaint within ___ days of this Order.

5. Further proceedings in this matter shall proceed under seal under appropriate terms to protect the privilege, and Plaintiff and his counsel are

specifically directed not make any public disclosure of privileged information in this matter absent prior approval from this Court.

_____

Honorable

United States District Judge