Scott W. Cichon
Robert A. Merrell III
John P. Ferguson
Mark A. Watts
Heather Bond Vargas
Michael J. Woods
Raymond L. Schumann
Kathleen L. Crotty
Michael O. Sznapstajler
Matthew S. Welch
Robert E. Doan
Douglas J. Collins
Sara E. Glover
Holly J. Woersching
Taylor M. Westfall
Jessica L. Gow
Joseph A. Cottingham
Sydney V. Cichon



**Cobb Cole**
Attorneys at Law
Since 1925

Daytona Beach • DeLand

149 South Ridgewood Avenue, Suite 700
Daytona Beach, Florida 32114
(386) 255-8171
CobbCole.com

OF COUNSEL
Andrea M. Kurak
Kelly Parsons Kwiatek
Harold C. Hubka
Larry D. Marsh
Maja Sander Bowler
Peter R. J. Thompson*
*Practice limited to federal immigration matters

**RETIRED**
Thomas S. Hart

William M. Cobb
(1881-1939)
Thomas T. Cobb
(1916-2004)
W. Warren Cole, Jr.
(1926-2008)

January 27, 2020

**VIA EMAIL (cjeibeler@smitheibeler.com)**

Christopher J. Eibeler, Esq.
Smith Eibeler, LLC
At Bell Works
101 Crawfords Corner Road, Suite 1-105R
Holmdel, NJ 07733

      Re:    Christopher D. Adams vs. SCCY Industries, LLC

Dear Mr. Eibeler:

      As your client knows, my law firm and I have the pleasure of representing SCCY Industries, LLC ("SCCY") and Mr. Joseph Roebuck. Please direct all communications to my attention.

      I will discuss the complaint your client prepared with Mr. Roebuck, as well as the litany of causes of action that my clients have against Mr. Adams, which – after consultation with me – SCCY elected not to pursue after Mr. Adams' termination.

      The shot-gun nature of the complaint unnecessarily and improperly violates the attorney-client privilege that only my client can waive. Admittedly, there are exceptions, which are construed narrowly, that allow an attorney to file a lawsuit against a client. However, those exceptions do not allow the unnecessary detail specifications in the 263 paragraphs of your complaint. You can meet all of the conditions precedent for filing the causes of action without your client violating the attorney-client privilege. Thereafter, if your client feels it is necessary to violate his ethical oath, the judge can decide how far afield Mr. Adams is allowed to disclose privileged information.

      To be clear, my clients do not waive any rights to invoke the attorney-client privilege on any and all matters falling within the privilege. If the complaint is filed in its current condition, my client reserves any and all rights available to him judicially or administratively.

Christopher J. Eibeler, Esq.
January 27, 2020
Page 2

_____

  As Mr. Adams also knows, your letter was delivered to Mr. Roebuck during the industry's biggest trade show which is located on the west coast. As such, I will not be able to respond definitively to you by your January 29, 2020 deadline. However, once I have had an opportunity to meet with him, I will gladly schedule a time for you and me to talk. If your client is not willing to wait, then my client will engage counsel in New Jersey to defend themselves with my assistance.

  Thank you, in advance, for your cooperation.

            Sincerely,

            **John P. Ferguson**
            Direct Dial (386) 323-9247
            Email John.Ferguson@CobbCole.com
            Fax (386) 944-7943

cc:  Mr. Joseph Roebuck